D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

UNITED STATES OF AMERICA

**MEMORANDUM & ORDER**

-against-

**10-CR-0615 (NGG)**

RONALD HERRON,

Defendant.

----------------------------------------------------------------X

NICHOLAS G. GARAUFIS, United States District Judge.

Pending before the court is Defendant Ronald Herron's pretrial motion to dismiss Count 16 of the indictment—an alleged September 5, 2008 attempted murder in-aid-of racketeering carried out in Manhattan—for improper venue. (See Def. Mot. (Dkt. 378).)[1] Defendant argues that Count 16 should be dismissed for improper venue because the underlying offense took place entirely within the Southern District of New York. (Id. at 3-5.) Defendant also contends that the conduct underlying Count 16 has no bona fide connection to the racketeering enterprise alleged to be headquartered in the Eastern District of New York. (Id. at 5.) At oral argument on the motion, Defendant maintained that Count 16 should be dismissed before trial because evidence of the attempted murder is likely to be prejudicial to Defendant if it is presented to the jury.

The Government concedes that the incident took place entirely within the Southern District of New York but argues that under controlling Second Circuit precedent, when an act of violence in the aid of racketeering is carried out within another district, venue for that charge is proper in the district in which the racketeering enterprise is *headquartered*. (Gov't Mem. in Opp'n (Dkt. 395) at 15-16.) The Government also argues that evidence it intends to present at

---

[1] The court refers to its March 3, 2014, Memorandum & Order for a fuller recitation of the charges and background of this case. (Mem. & Order (Dkt. 399).)

1

trial would allow a rational jury to infer that Defendant attempted the murder *in the furtherance of* his position in the racketeering enterprise. (Id.) At oral argument, the Government contended that Defendant should wait until after the Government concludes its case-in-chief to move to dismiss.

The Government bears the burden of proving venue. United States v. Naranjo, 14 F.3d 145, 146 (2d Cir. 1994). Because venue is not an element of a crime, at trial the Government need only establish by a preponderance of the evidence that conduct essential to the crime charged occurred within the district where the prosecution is brought. See United States v. Tzolov, 642 F.3d 314, 318 (2d Cir. 2011).

Prior to trial, on a motion to dismiss a count of the indictment, "it suffices for the government to allege with specificity that the charged acts support venue in this district." United States v. Martino, 00-CR-389 (RCC), 2000 WL 1843233, at *1 (S.D.N.Y. Dec. 14, 2000). At this stage, the allegations of the indictment must be taken as true. United States v. Forrester, 02-CR-302 (WHP), 2002 WL 1610940, at *1 (S.D.N.Y. July 22, 2002). A court may consider documents outside of the indictment but cannot give any weight to contrary factual assertions made by the defendant. Id. In rare cases "where . . . the government has provided the Court with a 'full proffer' of the facts it intends to introduce at trial to establish venue, the Court may decide whether venue is proper before trial." Id. (citing cases); cf. United States v. Alfonso, 143 F.3d 772, 776-77 (2d Cir. 1998) (stating that unless the government gives "what can fairly be described as a full proffer of the evidence it intends to present at trial," the sufficiency of the evidence cannot be addressed on a pretrial motion to dismiss); see also United States v. Urso, 369 F. Supp. 2d 254, 259 (E.D.N.Y. 2005) (finding that government's memorandum briefly summarizing anticipated evidence constituted a "limited proffer," not a "full proffer").

2

Pursuant to the court's Order at oral argument on February 14, 2014, the Government has submitted ex parte and under seal a four-page letter that provides the court with additional factual basis for venue for Count 16. (Gov't Feb. 28, 2014, Letter.) The Government's proffer regarding the actual events of September 5, 2008 makes up no more than three short paragraphs of that letter. The court has carefully reviewed the Government's submission and finds that this brief preview cannot be characterized as a "full proffer."

Although Defendant has made a convincing case for the dismissal of Count 16, given the limited proffer by the Government, his motion is premature. The court has also considered Defendant's argument regarding prejudice but finds that the Government is entitled to put on its proof at trial. Accordingly, Defendant's motion to dismiss Count 16 of the indictment for improper venue is DENIED WITHOUT PREJUDICE.

SO ORDERED.

Dated: Brooklyn, New York
March 7, 2014

s/Nicholas G. Garaufis

NICHOLAS G. GARAUFIS
United States District Judge